This suit arises out of an intersectional collision between a motorcycle and a truck at North Boulevard and Church Street in Baton Rouge, at about seven o'clock on the morning of October 28, 1938. The plaintiff is a negro who was employed at the Triangle Service Station in Baton Rouge whose motorcycle he was riding at the time, on his way from an errand to the State Capitol. The truck belonged to Joe Tramontana and was being driven at the time of the accident by Salvador Tramontana, both of whom are made defendants in the suit. It had left New Orleans early that morning with a load of produce and was on its way to various towns in central Louisiana to make deliveries. It was headed for the Mississippi River ferry at Baton Rouge and therefore was running west on North Boulevard. The plaintiff was traveling south on Church Street. There is a semaphore or traffic signal light at the northeast corner of the intersection which, it is not disputed, was working in proper order at the moment of the accident. North Boulevard runs east and west and has two lanes of travel. Church Street runs north and south and is a one-way street.
The collision took place at a point measured by an officer who investigated the accident, and which, according to his report, is four and one-half paces south of a line parallel to the north curb of North Boulevard, and seven paces southwest of the northeast corner of the intersection. Paces are estimated to measure about three feet in length and therefore the impact could be said to have occurred at a point approximately 13 feet south of the northwest corner of the intersection joining with a point 21 feet southwest of the northeast corner. There are no actual measurements of the width of North Boulevard found in the record, but one of the witnesses did estimate it as being approximately 30 feet wide. By drawing a triangle with the different points mentioned, it would seem therefore that the collision took place at a point somewhat *Page 147 
west of the center of the intersection and on the right hand side of North Boulevard, thus indicating that the truck was well on its way past the center of the intersection. This is further corroborated by the physical fact which shows that the impact took place on the right front door and right front fender of the truck.
The basis of the plaintiff's suit seems to be that the truck ran into the intersection when the semaphore light was showing red and naturally he had the favored green light which permitted him to go across. He alleges in his petition that he did not see the truck coming into the intersection until it was only 3 or 4 feet from him, going at about 35 miles an hour, whereas he was going about 12 miles, and that although he turned to his right in an effort to avoid the collision he could not do so. The defendants on the other hand contend that the truck went into the intersection when the light was green and therefore favored them; that it was proceeding at about 22 miles per hour and that the driver did not see the motorcycle until it was about 12 or 13 feet away coming in the intersection. The defendants allege that the motorcycle speeded from behind a milk truck at about 40 miles an hour and crashed into their truck when it was practically across the intersection; that the driver did all he could, by applying his brakes, to avoid the collision but could not do so. They aver that the accident was caused solely by the negligence of the plaintiff, and in the alternative plead contributory negligence on his part as a bar to his recovery.
The trial judge rendered judgment in favor of defendants dismissing the plaintiff's suit. He assigned no written reasons, but we are informed by brief of counsel for the defendants that he stated orally that he was strongly impressed by the testimony of the witness Carl D. Roberts who testified on behalf of the defendants.
After carefully reviewing all the testimony, we are of the opinion that plaintiff has failed to support his case by the amount of proof required of him. It seems also that the physical facts support the contention of the defendants as to the manner in which the accident happened.
A rather strong fact which influences our opinion is the one with regard to the milk truck being parked at the northeast corner of the intersection on Church Street at the moment of the accident, as admitted by the plaintiff. As it was stopped there, evidently the traffic signal light was not showing green from that side of the intersection. Plaintiff had been following it and necessarily therefore he must have been faced with the same signal. The driver of this truck did not appear as a witness in the case. He probably did not see or hear the collision because when it was taking place, he may have already proceeded on his way into North Boulevard after the semaphore light had changed in his favor. All of this would tend to indicate however that the driver of the defendant truck was correct in stating that he had the advantage of the light when he went into the intersection. At least it would seem that if the light was not green that it was on caution which still gave him the right to go across, and it was the duty of the plaintiff to wait until it was safe for him to proceed. The testimony of the witness Roberts leaves no doubt that the truck had safely entered and was almost across the intersection when the motor-cycle ran into it. He is as positive as a witness can be in stating that the truck was struck by the motorcycle and not the motorcycle by the truck, as the plaintiff contends. A witness for the defendant by the name of Sidney Ivey corroborates the plaintiff's version of how the accident happened, but he saw it from St. Ferdinand Street, which is an off-set of Church Street across North Boulevard, and we doubt that he could observe everything as well as could the witness Roberts who was on North Boulevard, at the corner of the intersection in plain view of it all. Besides, it is rather significant that the list of persons who claimed to have seen the accident which was made by the investigating officer contains the name of Roberts but not that of the witness Ivey.
We are concerned here with a case which involves essentially a question of fact. We see no necessity of having to refer to any particular decision which may be in point as on the facts found we are convinced that if the accident did not happen solely as a result of the plaintiff's own negligence in entering the intersection at a time before the semaphore light favored him, and when the truck was going across, certainly his negligence in doing so was a strong contributing factor, and the judgment of the lower court which rejected his demand is clearly correct.
Judgment affirmed. *Page 148